IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN A. ALDERSON,

                Petitioner,

     v.                                    CASE NO. 99-3397-SAC

SAM CLINE, et al.,[1]

                Respondents.

**O R D E R**

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 which has been pending before this court for a significant time.

The Magistrate Judge found the fifteen grounds listed in the petition included both exhausted and unexhausted claims,[2] and recognized that time restraints imposed by 28 U.S.C. § 2244(d)(1) presented the option of staying the action for exhaustion of state court remedies rather than dismissing the action as a mixed petition. In response to petitioner's motion for a stay to allow full exhaustion of two claims of ineffective assistance of counsel,[3]

---

[1] The court liberally amends the caption to name the following respondents: Sam Cline as Warden of the Ellsworth Correctional Facility where petitioner is currently confined, and Paul Morrison as the current Attorney General for the State of Kansas.

[2] Seven exhausted claims were identified: claims 1, 2, 3, 4, 5, 7, and 14.

[3] Claims 9 and 11.

this court denied respondents' motion to dismiss the mixed petition, stayed the matter pending petitioner's completion of state court review of the two identified claims, and liberally construed petitioner's motion as encompassing petitioner's voluntary dismissal of all remaining unexhausted claims.  Following completion of that state court review, petitioner filed a motion now before the court for leave to amend his habeas application.

The original petition presented claims numbered 1 through 15. The proposed amended petition presents claims identified as A-1 through A-8 and claims "B" and "C."  Having reviewed the record, it appears claims A-1 through A-6,[4] claim A-8,[5] and claim "C"[6] as set forth in the proposed amended petition are properly before the court.  However, the court finds it appropriate to have the parties address petitioner's attempt to amend the petition to include claim A-7 and claim "B."

*Claim A-7*

Claim A-7 in the proposed amended petition, numbered as claim 12 in the original petition, was dismissed by an order entered on October 1, 2001.  Petitioner filed no objection at the time to the Magistrate Judge's characterization of this claim as an unexhausted claim, and no objection to the district court judge's order that

---

[4] Claims 1, 2, 3, 4, 5, and 8 in the original petition.

[5] Claim 14 in the original petition.

[6] Claim 9 in the original petition, one of petitioner's two claims of ineffective assistance of trial counsel for which this matter was stayed to allow petitioner to exhaust state court remedies.

stated this claim was being voluntarily dismissed. Nonetheless, petitioner now contends that he fully exhausted state court remedies on this claim by raising it in his direct appeal.

Accordingly, the court finds petitioner's pro se motion for leave to amend the petition can be liberally construed as encompassing petitioner's request to set aside the voluntary dismissal of this claim.

*Claim "B"*

Unlike Claim A-7, petitioner seeks leave to amend the petition to add a claim he states he fully exhausted in the state courts, but then inadvertently failed to assert in his original petition.

Clearly, petitioner's proposed amendment of the petition to add a new claim at this stage of the proceeding would be time barred unless the new claim "related back" to petitioner's timely filed petition. *See* Woodward v. Williams, 263 F.3d 1135 (10th Cir. 2001). Rule 15(c)(2) of the Federal Rules of Civil Procedure addresses whether an amendment of a pleading relates back to the date of the original pleading. In the context of habeas proceedings, the Tenth Circuit Court of Appeals has held that

> "an untimely amendment to a [§ 2254 petition] which, by way of additional facts, clarifies or amplifies a claim or theory in the original [petition] may, in the District Court's discretion, relate back to the date of the original [petition] *if and only if* the original [petition] was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the*

3

*case."*

Id. at 1142 (*quoting* Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000)).

Here, claim "B" in petitioner's proposed amended petition appears to be an attempt to "add a new claim" or "insert a new theory into the case," and thus would not relate back to petitioner's original application. If so, this court would be required to treat petitioner's attempt to raise this new claim as a second or successive petition under 28 U.S.C. § 2254, and to transfer the motion and the proposed amended petition to the Tenth Circuit for that court's determination whether to authorize this court's consideration of such a claim. *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). *See also* Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) ("When a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631."). Accordingly, absent a showing that the "relation back" provision in Rule 15(c) is satisfied in this habeas action, petitioner's motion for leave to amend the petition to add this new claim is subject to being transferred to the Tenth Circuit.

IT IS THEREFORE ORDERED that the stay entered by the court in this matter is lifted, and that the caption is amended by the court

4

to name Sam Cline (Warden of Ellsworth Correctional Facility) and Paul Morrison (Attorney General for the State of Kansas) as respondents.

IT IS FURTHER ORDERED that the parties are granted thirty (30) days to address petitioner's motion for leave to file an amended petition and the inclusion of Claim A-7 and Claim "B" in the proposed amended petition.

**IT IS SO ORDERED.**

DATED:  This 13th day of June 2007 at Topeka, Kansas.


                                      s/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge