```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS


SHAWN A. ALDERSON,

                    Petitioner,

          v.                          CASE NO. 99-3397-SAC
JOHNNIE GODDARD, et al.,¹

                    Respondents.
```

**O R D E R**

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 which has been pending before this court for a significant time. Before the court is petitioner's motion to amend his petition.

*Background*

A brief account of petitioner's litigation in the state courts is helpful to understand petitioner's motion.

The Kansas Supreme Court affirmed petitioner's convictions for first degree murder and aggravated battery, but reversed the upward durational departure sentence imposed and remanded for resentencing. State v. Alderson, 260 Kan. 445 (1996)(Appeal No. 74161)("Alderson I"). The Kansas Supreme Court subsequently affirmed the imposition of the same departure sentence by a different sentencing judge.

---

[1] The court liberally amends the caption to name the following respondents: Johnnie Goddard as Warden of the Ellsworth Correctional Facility where petitioner is currently confined, and Stephen N. Six as the current Attorney General for the State of Kansas.

State v. Alderson, 266 Kan. 603 (1999)(Appeal No. 79625)("Alderson II"). Petitioner filed two pro se briefs in that second appeal, in addition to the brief first filed by his appellate counsel.

Petitioner then submitted the instant petition for habeas corpus relief under 28 U.S.C. § 2254. Respondents filed a motion to dismiss the petition without prejudice, as the petition contained a mixture of exhausted and unexhausted claims. The Magistrate Judge identified exhausted and unexhausted claims in the petition, and provided options to petitioner for proceeding in light of the time restraints imposed by 28 U.S.C. § 2244(d)(1). In response petitioner filed a motion to stay to allow him to exhaust state court remedies on his claims of ineffective assistance of counsel.[2]

The district court judge granted petitioner's motion and liberally construed the motion as encompassing petitioner's voluntary dismissal of the remaining unexhausted claims. Respondents' motion to dismiss the mixed petition was denied.

Petitioner then filed a motion in the state court for post-conviction relief under K.S.A. 60-1507. The Kansas Court of Appeals reversed the state district court's summary dismissal of that motion, and remanded for an evidentiary hearing on several of petitioner's ineffective assistance of counsel claims. Alderson v. State, 78 P.3d 498, 2003 WL 22532936 (Kan.App. Nov. 7, 2003)(unpublished decision)(Appeal No. 89220). Following an evidentiary hearing, the Kansas Court of Appeals affirmed the district court's denial of relief. Alderson v. State, 36 Kan.App.2d

---

[2]Claims 9 and 11 in petitioner's habeas application.

2

29, 138 P.3d 330 (Kan.App.), *rev. denied* (Kan. 2006)(Appeal No. 94408).

Thereafter, petitioner sought leave to amend his habeas application in part to reflect the voluntary dismissal of his unexhausted claims, and in part to assert claims raised in his state post-conviction proceedings.

Petitioner's original habeas application presented claims numbered 1 through 15. The proposed amended petition presents claims identified as A-1 through A-8 and claims "B" and "C."  The court reviewed the record and observed that claims A-1 through A-6,[3] claim A-8,[4] and claim "C"[5] as set forth in the proposed amended petition appeared to be  properly before the court as fully exhausted claims raised in the original petition.  The court further observed that petitioner's proposed amendment of the petition to include claim "A-7" and claim "B" appeared to be an attempt to add new claims at this stage of the proceeding, and that such claims would be time barred unless they "related back" to petitioner's timely filed petition. *See* Woodward v. Williams, 263 F.3d 1135 (10th Cir. 2001).  The court then directed the parties to address petitioner's proposed amendment of the petition to add these two claims.

*Proposed Amendment of Claim A-7*

---

[3] Claims 1, 2, 3, 4, 5, and 8 in the original petition.

[4] Claim 14 in the original petition.

[5] Claim 9 in the original petition, one of petitioner's two claims of ineffective assistance of trial counsel for which this matter was stayed to allow petitioner to exhaust state court remedies.

3

Claim A-7 is an expansive claim that the jury instructions in petitioner's criminal proceeding were unconstitutional. This claim, numbered as Claim 12 in the original petition, was one of the claims the court construed as voluntarily dismissed pursuant to petitioner's motion to stay and his failure to object to the Magistrate Judge's identification of this claim as an unexhausted claim. Nor did petitioner file any objection to the court's order that construed this claim as voluntarily dismissed as an unexhausted claim.

In his motion for leave to amend, however, petitioner contends he fully exhausted state court remedies on this claim by raising it in his direct appeal. The court liberally construed this pro se response as encompassing petitioner's request to set aside the voluntary dismissal of claim 12 in the original petition.

In response to the court directive for supplemental briefing concerning the proposed amendment, petitioner states he exhausted state court remedies on this claim in his direct appeal to the Kansas Supreme Court, and points to Ground IV in that appeal which alleged error by the trial court in not instructing the jury on lesser included offenses.

Respondents identify claim A-7 as raised by petitioner in his pro se briefs in petitioner's state appeal (Alderson II) from the district court's resentencing.[6]

---

[6] Respondents also maintain federal habeas review of this claim is barred by petitioner's procedural default in raising this claim in his state resentencing appeal. However, the court presently decides the limited threshold issue of whether petitioner's proposed amended petition includes new claims or theories that require

While the court finds more support for respondents' reading of the record, it is now more clearly established that petitioner in fact presented his allegations of constitutional error in the jury instructions to the state appellate courts. Accordingly, the court sets aside the voluntary dismissal of claim 12 in the original petition as an unexhausted claim. Because petitioner asserted this claim in a timely manner in his original petition, the court finds amendment of the petition to add claim A-7 would be redundant.

*Proposed Amendment of Claim B*

In claim B in the proposed amended petition, petitioner challenges the legality of his upward durational departure sentence. In seeking leave to amend his petition, petitioner identified this claim as fully exhausted in the state courts, but as inadvertently omitted from his original petition. Petitioner now "clarifies" that this challenge to the legality of his departure sentence is in reality part of claim 1 in his original petition. The court disagrees.

In claim 1 in the original petition, petitioner alleges he was denied a fair trial by the district court judge's failure to recuse himself during petitioner's trial. Petitioner raised this same claim in his direct appeal as Ground I. Petitioner's direct appeal also included separate allegations of error in the district court's imposition of an upward durational departure sentence (Ground VII),

---

authorization by the Circuit Court before this court can consider them. Whether habeas review of this or any claim is barred by petitioner's procedural default in the state courts will not be addressed until petitioner's amendment of the petition is resolved.

5

and in the district court's failure to recuse himself from sentencing petitioner (Ground VIII).

Petitioner now argues the two recusal grounds were combined in the *State's* appellate brief and thus are connected, and argues his sentencing recusal issue is factually intertwined with his challenge to the legality of his departure sentence. However, the Kansas Supreme Court specifically addressed each of the three separate grounds as asserted by petitioner, granted relief on Ground VIII, and remanded the matter to the district court for resentencing before a different judge. Petitioner's attempt to now combine these three separate grounds to bootstrap his challenge to the legality of his sentence into claim 1 in his original petition is rejected.

Accordingly, the court finds petitioner is now attempting to raise an untimely new claim for federal habeas review that does not clarify or amplify a claim or theory asserted in the original petition for the purpose of relation back to that timely filed petition. *See* Woodward v. Williams, 263 F.3d 1135 (10th Cir. 2001), *cert. denied*, 535 U.S. 973 (2002). This court's consideration of such a claim requires authorization by the Tenth Circuit Court of Appeals, as provided by 28 U.S.C. § 2244(b)(3). Transfer of this matter to the circuit court is thus required. *See* Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(per curiam)("When a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to [28 U.S.C.] § 1631.").

IT IS THEREFORE ORDERED that the caption is amended by the court to name Johnnie Goddard (Warden of Ellsworth Correctional Facility) and Stephen N. Six (Attorney General for the State of Kansas) as respondents.

IT IS FURTHER ORDERED that petitioner's request to set aside the voluntary dismissal of Claim 12 in the original petition is granted, and that petitioner's request to amend the petition to add this reinstated claim as Claim A-7 in the proposed amended petition is moot.

IT IS FURTHER ORDERED that petitioner's motion to amend the petition (Doc. 39) to add Claim B is denied without prejudice.

IT IS FURTHER ORDERED that this matter is transferred to the Tenth Circuit Court of Appeals for consideration under 28 U.S.C. § 2253(b) of Claim B in petitioner's proposed amended petition.

**IT IS SO ORDERED.**

DATED:  This 25th day of March 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge