IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHAWN A. ALDERSON,

                         Petitioner,

        v.                                    CASE NO. 99-3397-SAC

STEPHEN N. SIX, et al.,

                         Respondents.


MEMORANDUM AND ORDER

     Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed the record which includes respondents' Answer and Return, the court enters the following findings and order.[1]

---

[1]Petitioner's recently filed motion for appointment of counsel is denied.  There is no constitutional right to the appointment of counsel in either state post-conviction proceedings or in federal habeas corpus proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Instead, whether counsel should be appointed is left to the discretion of the court.  See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994) (no constitutional right to counsel beyond appeal of criminal conviction; appointment of counsel in habeas corpus proceeding is left to court's discretion).  The court has reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), and finds appointment of counsel in this matter is not warranted.

BACKGROUND

Petitioner was convicted in 1995 of first degree felony murder in the shooting death of Larry Goodwin, and of aggravated battery in the drive-by shooting of Tyrone Elam.  The district court judge sentenced petitioner to consecutive prison terms of life and 86 months.  The Kansas Supreme Court affirmed petitioner's convictions, but vacated petitioner's sentence and remanded for resentencing. State v. Alderson, 260 Kan. 445 (1996)(Alderson I).  A different district court judge imposed the same consecutive sentence, which the Kansas Supreme Court upheld.  State v. Alderson, 266 Kan. 603 (1999)(Alderson II).

Petitioner then sought post-conviction relief under K.S.A. 60-1507, raising numerous claims of ineffective assistance of counsel. The district court denied the motion without conducting an evidentiary hearing.  The Kansas Court of Appeals found petitioner's motion raised substantial issues of fact on three of the issues, and remanded for an evidentiary hearing. Alderson v. State, 2003 WL 22532936 (Kan.App. Nov. 7, 2003)(unpublished opinion)(Alderson III). On remand, the district court denied relief on all claims, and the Kansas Court of Appeals affirmed that decision. Alderson v. State, 36 Kan.App.2d 29 (2006)(Alderson IV), rev. denied (November 8, 2006).

Petitioner initiated the instant action in 1999 by filing a petition asserting fifteen grounds for relief.  Following an extensive stay to allow petitioner's exhaustion of state post-conviction remedies, the petition as amended by petitioner and

2

construed by the court now presents the following eight grounds[2] in which petitioner claims:

(I) he was denied a fair and impartial trial by the trial court's refusal to recuse himself from presiding over petitioner's trial;

(II) insufficient evidence supports his conviction for felony murder;

(III) he was not properly convicted of felony murder because the underlying offense of criminal discharge of a firearm at an occupied vehicle merged into the felony murder offense;

(IV) he was denied his right to a defense by the trial court's refusal to admit evidence of Goodwin's prior conviction;

(V) the trial court erred in denying petitioner's request to sequester witnesses;

(VI) the trial erroneously failed to instruct the jury on lesser included offenses of felony murder;

(VII) cumulative error denied him a fair trial; and

(VIII) his trial counsel's representation was constitutionally inadequate.

### STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a federal court is precluded from

---

[2]The Tenth Circuit Court of Appeals denied authorization to add a new claim regarding the legality of petitioner's durational departure sentence, a claim that did not relate back to the original petition. In re Alderson (10th Cir. Case 08-3087, May 21, 2008). The court also adopts respondents' reasonable organization of petitioner's remaining claims.

granting habeas relief on any claim adjudicated on the merits by a state court unless the state court's proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See* <u>Williams v. Taylor</u>, 529 U.S. 362, 405-13 (2000)(construing the review standard in 28 U.S.C. § 2254).

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court would when presented with facts that are "materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." <u>Williams</u>, 529 U.S. at 405. A decision is an "unreasonable application" of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." <u>Id</u>. at 413.

In accord with 28 U.S.C. § 2254(e)(1), a state court's factual findings are presumed to be correct unless petitioner rebuts that presumption of correctness by clear and convincing evidence. *See* <u>House v. Hatch</u>, 527 F.3d 1010, 1019 (10th Cir. 2008). Additionally, the Supreme Court clearly dictates "it is not the province of a

4

federal habeas court to reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas actions do not provide relief for errors of state law. Id. (*citing* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982)(citations omitted).

### DISCUSSION

Applying these established standards to petitioner's claims, the court finds petitioner has not demonstrated that he is entitled to any relief under § 2254.

*I - Recusal and Due Process*

Petitioner first claims the trial court judge's refusal to recuse himself from presiding over petitioner's trial denied petitioner his constitutional right to be tried before a fair and impartial tribunal. The court finds petitioner is entitled to no relief on this claim.

On the day before jury selection was to begin, the district court judge informed the parties that he had an extrajudicial connection to the case. He disclosed that on the night of the shootings, petitioner was a passenger in a vehicle belonging to the district court judge's brother and stolen from the residence of the district court judge's father. Following a discussion with counsel for both parties, counsel for petitioner verbally requested a change of judge. The district court judge stated he would not recuse,

noting that petitioner was not charged with any involvement in the theft of that vehicle, and that no relative of the district court judge would be testifying.

It is fundamental that the Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case. *See* United v. Gramley, 520 U.S. 899, 904-05 (1997). It is generally recognized, however, that "due process compels recusal only when the biasing influence is so strong that the court may presume actual bias. Conflicts arising from the judge's familial relationships normally do not mandate recusal under the due process clause." United States U.S. v. Mansoori, 304 F.3d 635, 667 (7th Cir. 2002)(quotation marks and citations omitted), *cert denied*, 538 U.S. 967 (2003).

In the present case, the Kansas Supreme Court rejected petitioner's claim of bias, stating:

> "In determining whether the defendant received a fair trial or whether his due process rights were violated when the trial judge refused to recuse himself, this court has promulgated a two-part test: (1) Did the trial judge have a duty to recuse himself from this case because he was biased, prejudicial, or partial? (2) If the judge did have a duty to recuse and failed to do so, was there a showing of actual bias or prejudice to warrant setting aside the judgment of the trial court?"

Alderson I, 260 Kan. at 454 (*citing* State v. Logan, 236 Kan. 79, 86 (1984)).

Applying this standard the Kansas Supreme Court found that even

6

if a duty to recuse could be demonstrated, no due process violation resulted where nothing indicated the district judge harbored a hostile feeling or spirit of ill will against petitioner, and the record did not support petitioner's claim of actual bias or prejudice during the trial. Id. This finding of no *actual* bias on the part of the state district court judge during trial is fully supported by the record, and is a reasonable application of the constitutional standard enunciated in Bracy.

To the extent petitioner relies on the trial court judge's *appearance* of bias, habeas relief is unavailable because the Supreme Court has never clearly held the *appearance* of bias on the part of a state trial judge violates a criminal defendant's right to due process. *See* Welch v. Sirmons, 451 F.3d 675, 700-01 (10th Cir. 2006), *cert. denied* 127 S.Ct. 2971 (2007). Accordingly, petitioner cannot establish the Kansas Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

*II - Evidence Supporting the Felony Murder Conviction*

Petitioner was charged and convicted of felony first degree murder, with the underlying inherently dangerous felony being the criminal discharge of a firearm at a motor vehicle. At the time, the Kansas statute stated in relevant part that criminal discharge of a firearm at an occupied vehicle "is the malicious, intentional and unauthorized discharge of a firearm at a ... motor vehicle ... in which there is a human being *who is not placed in immediate*

7

*apprehension of bodily harm.*" K.S.A. 21-4219(b)(emphasis added).[3]
Petitioner claims the State failed to prove all elements of this
offense by failing to prove beyond a reasonable doubt the victim was
"not placed in immediate apprehension of bodily harm."
Specifically, petitioner argues the facts of the case demonstrate
that Goodwin was placed in immediate apprehension of bodily harm
when the driver of petitioner's car fired at Goodwin's vehicle.

The Kansas Supreme Court rejected this argument, finding
"[p]roof that Goodwin was 'not placed on immediate apprehension of
bodily harm' is not an essential element of the underlying felony of
criminal discharge." Alderson I, 260 Kan. at 456. Further, the
state supreme court found the evidence viewed in light most
favorable to the prosecution was sufficient for a rational
factfinder to find petitioner guilty of the underlying felony of
criminal discharge of a firearm at an occupied vehicle, and thus
guilty of felony murder. Id. at 458.

To the extent petitioner alleges error by the state supreme
court's interpretation of Kansas criminal statutes, "[f]ederal
habeas corpus relief does not lie for errors of state law."
Estelle, 502 U.S. at 67. A federal court's deference to the state
court's interpretations of state law is required. *See* Gonzales v.
Tafoya, 515 F.3d 1097, 1126-27 (10th Cir.), *cert. denied*, 129 S.Ct.
211 (2008).

Additionally, having reviewed the record, the Kansas Supreme

---

[3]The Kansas Legislature amended the statute in 1996 to delete
the emphasized language.

Court's determination that there was sufficient evidence to convict petitioner of felony murder was not contrary to or an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2).   *See* Jackson v. Virginia, 443 U.S. 307 (1979)(in reviewing for sufficiency, both direct and circumstantial evidence is examined in the light most favorable to the state to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt).

Petitioner's claim for relief on this issue thus fails.

*III - Merger of Underlying Offense into Felony Murder Charge*

Petitioner contends he was not properly convicted of felony murder because the underlying offense of criminal discharge of a firearm at an occupied vehicle merged into the felony murder offense.  Respondents contend federal habeas review of this issue is barred by the Kansas Supreme Court's refusal to address this issue in petitioner's direct appeal because petitioner had not raised it before the trial court.   *See* Alderson I, 260 at 458.   The court agrees with this contention.

The procedural default doctrine bars a federal court's review of a state prisoner's federal claim where the prisoner failed to give the state courts a "full and fair" opportunity to resolve that claim--as the exhaustion doctrine requires--and the prisoner cannot cure that failure because state-court remedies are no longer available.   *See* O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(procedural default doctrine preserves integrity of the

9

exhaustion doctrine).  *See e.g.* <u>Woodford v. Ngo</u>, 548 U.S. 81, 92 (2006)(if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default generally functions as a bar to federal habeas review).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 749 (1991).

The court finds the record supports respondents' assertion of procedural default, and further finds petitioner has made no showing to excuse his failure to present this claim to the state courts for review.  Accordingly, federal habeas corpus review of this claim is barred.[4]

*IV - Right to a Full and Complete Defense*

Petitioner claims he was denied his right to a full and complete defense by the trial court's refusal to allow petitioner to

---

[4]Even if there were no procedural bar, petitioner's claim of merger under Kansas law would not entitle him to federal habeas relief.  *See* <u>Davis v. Executive Director of Dept. of Corrections</u>, 100 F.3d 750, 771 (10th Cir. 1996)("Absent some compelling argument that [the state court's] interpretation violates the federal constitution, we will not disturb it."), *cert. denied*, 520 U.S. 1215 (1997).  *See also* <u>Tillman v. Cook</u>, 25 F.Supp.2d 1245, 1297–98 (D.Utah 1998)("petitioner has not shown that the [state] merger rule is fundamental and therefore cannot claim its benefits as a matter of substantive due process of law).

introduce evidence of Goodwin's prior conviction for aggravated battery.   The court finds this allegation of error entitles petitioner to no relief.

"[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." Crane v. Kentucky, 476 U.S. 683, 690 (1986). *See e.g.* Chambers v. Mississippi, 410 U.S. 284, 302 (1973)("Few rights are more fundamental than that of an accused to present witnesses in his own defense.").   However, federal courts have long recognized that states have broad latitude under the Constitution to establish rules excluding evidence from criminal trials, and that "[s]uch rules will not abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" U.S. v. Scheffer, 523 U.S. 303, 308 (1998)(*quoting* Rock v. Arkansas, 410 U.S. 44, 58 (1987)). *See e.g.* Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir.)(generally, federal habeas review of state evidentiary rulings is limited to determining whether the ruling rendered the trial so fundamentally unfair as to constitute denial of due process), *cert. denied*, 534 U.S. 1068 (2001); Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir.)(to justify habeas relief, trial court's evidentiary error must be "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process"), *cert. denied*, 531 U.S. 938 (2000).

Here, the Kansas Supreme Court found no constitutional issue was at stake because the district court did not completely exclude

11

all evidence of petitioner's self defense theory, and found no abuse of discretion by the trial court judge's exclusion of evidence of Goodwin's prior conviction had been demonstrated. Alderson I, 260 Kan. at 461 and 463. These conclusions are neither contrary to or an unreasonable application of clearly established Supreme Court precedent, nor involve an unreasonable determination of the facts. The record amply discloses that petitioner's trial was not rendered fundamentally unfair by the trial court's decision to disallow evidence of Goodwin's prior conviction.

V - Sequestration of Witnesses

Petitioner contends the trial court erred in denying petitioner's request to sequester the witnesses. The Kansas Supreme Court found petitioner had not sustained his burden of showing a need for sequestration, thus there was no abuse of discretion by the trial court in denying this request. Alderson I, 260 Kan. at 464.

Petitioner's sequestration claim is based on state evidentiary law, thus the trial court's refusal to sequester the witnesses as petitioner requested did not implicate petitioner's federal rights. A criminal defendant has no constitutional right to exclude witnesses from the courtroom. See U.S. v. Edwards, 526 F.3d 747 (11th Cir. 2008)(citing cases from other circuits). See also Larson v. Palmateer, 515 F.3d 1057, 1065 (10th Cir.)("Neither this court nor the Supreme Court has ever held that the failure to exclude witnesses can violate due process."), cert. denied 129 S.Ct. 171 (2008). Finding no violation of a right recognized by the Supreme Court under the United States Constitution or federal law, the court

12

concludes petitioner is not entitled to federal habeas corpus relief
on this claim.

*VI - Jury Instructions on Lesser Included Offenses*

Petitioner claims the trial erroneously failed to instruct the
jury on lesser included offenses of felony murder.[5]   The Kansas
Supreme Court stated that when a murder is committed during
commission of a felony, the rule requiring instructions on lesser
included offenses does not apply unless the evidence of the
underlying felony is weak inconclusive, or conflicting. Alderson I,
260 Kan. at 459.   Because the state supreme court had already
determined the evidence of the underlying felony in petitioner's
case was not weak or inconclusive, it found no instruction on lesser
included offenses was required under Kansas law.   Id. at 460.

This claim provides no basis for habeas corpus relief under
federal law, as "[t]he Supreme Court has never recognized a
constitutional right to a lesser included offense instruction in a
non-capital cases." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir.
2004).   "[Tenth Circuit] precedents establish a rule of 'automatic
non-reviewability' for claims based on a state court's failure, in
a non-capital case, to give a lesser included offense instruction."

---

[5]Petitioner also claimed the trial court's jury instructions
were unconstitutional.   In light of the record, respondents read
this claim as challenging the reasonable doubt and voluntary
intoxication instructions as unconstitutional, and challenging the
first degree murder instruction as failing to state a statutory
offense. Respondents point to the Kansas Supreme Court's refusal to
consider this claim due to petitioner's default in properly
presenting it for review. *See* Alderson II, 266 Kan. at 608-09.
Finding nothing in the record that might excuse petitioner's
procedural default, federal habeas review of this claim is barred.

Id. (*citation omitted*).

    *VII- Cumulative Error*

    Petitioner claims cumulative error denied him a fair trial. The Kansas Supreme Court denied this claim, finding cumulative error did not exist where the evidence against petitioner was overwhelming, and only one error was found that would be remedied upon resentencing. Alderson I, 260 Kan. at 470. This decision was neither contrary to, nor involved an unreasonable application of, established U.S. Supreme Court precedent. Even under Tenth Circuit precedent, multiple actual errors are required to determine whether cumulative error denied petitioner a fair trial. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003), *cert. denied* 541 U.S. 1067 (2004).

    *VIII - Ineffective Assistance of Counsel*

    Finally, petitioner claims his defense counsel was constitutionally ineffective by failing to put on corroborating evidence to help sustain petitioner's theory of self defense, and in failing to impeach a witness to the Goodwin shooting.

    To establish ineffective assistance of counsel, petitioner must meet the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). The two-part Strickland test requires: (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under Strickland, the defendant bears the burden to establish both incompetence and

14

prejudice, and there is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." Id. at 689.

After conducting an evidentiary hearing, the state district court denied relief on petitioner's post-conviction motion alleging ineffective assistance of defense counsel.  It found petitioner had not demonstrated that defense counsel's representation of petitioner was objectively unreasonable, or that there was a reasonable probability of a different outcome absent the alleged deficiencies. The Kansas Court of Appeals affirmed this decision, noting petitioner's last minute unilateral change of course from a defense based upon not firing the gun used to shoot and kill Goodwin, to a defense based upon firing in self-defense.  Alderson IV, 36 Kan.App.2d at 30.  The state appellate court noted the district court's finding that defense counsel's testimony - that petitioner had not raised the theory of self-defense prior to his testimony at trial - to be more credible than petitioner's testimony to the contrary, id. at 34, and agreed that under the facts and circumstances petitioner's counsel had no duty to further develop petitioner's last minute theory that he acted in self-defense in shooting Goodwin,[6] id. at 35.

Having carefully reviewed the record, the court finds the state appellate court's determination that petitioner's trial counsel performed in a constitutionally sufficient manner is fully

_____

[6]The record includes no assertion by petitioner that he acted in self defense when he shot Elam later the same evening.

consistent with, and a reasonable application of, the constitutional standard in <u>Strickland</u>.  Petitioner is thus entitled to no relief under § 2254 on this claim.

CONCLUSION

Accordingly, finding no error of constitutional significance, and finding the state courts' resolution of petitioner's claims on the merits was not contrary to or an unreasonable application of clearly established federal law as decided by the United States Supreme Court, the court denies petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.

IT IS THEREFORE BY THE COURT ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 59) is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of November 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge